UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BELFOUR USA GROUP, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2235** |
| **RIVERSIDE COURT CONDOMINIUM ASSOCIATION, INC.** | **SECTION: "P" (4)** |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Plaintiff, BELFOR USA Group, Inc. ("BELFOR").[1] BELFOR's motion was set for submission on September 24, 2025.[2] To date, Defendant, Riverside Court Condominium Association, Inc. ("Riverside"), has not filed a response to BELFOR's motion. For the following reasons, BELFOR's Motion for Summary Judgment is **GRANTED**.

### I.  BACKGROUND

The undisputed facts are as follows. On March 20, 2024, representatives for BELFOR and Riverside entered into a contract titled "Louisiana Work Authorization Contract," pursuant to which BELFOR was hired to perform emergency and mitigation services to a property owned by Riverside that had been damaged by a fire.[3] According to the uncontested affidavit of BELFOR's General Manager, Andrew Burns, BELFOR disclosed to Riverside that the projected cost of the services to be provided was $672,525.00.[4] BELFOR then promptly began the performance of its

---

[1] R. Doc. 18.
[2] R. Doc. 18-7.
[3] R. Doc. 18-3; R. Doc. 18-4. The Court notes that the contract was executed between a representative for BELFOR and a representative for Victorian Condominiums. The pleadings to this case establish that Riverside is a corporation doing business as Victorian Condominiums. *See* R. Doc. 1 at ¶ I (alleging this fact); R. Doc. 5 at ¶ 1 (admitting this fact). And there is no dispute that Riverside is the proper defendant in this case. For the sake of clarity, the Court refers to Riverside rather than Victorian Condominiums throughout this Order and Reasons.
[4] R. Doc. 18-3.

emergency and mitigation services pursuant to the work authorization contract, with the knowledge and approval of Riverside and its insurance adjuster.[5]

On April 8, 2024, Riverside directed BELFOR to cease its emergency and mitigation services, and BELFOR complied.[6] At that time, BELFOR had performed services in all 26 of the affected units at the property and had completed services in nine of those units.[7] On April 19, 2024, BELFOR issued an invoice to Riverside for $383,922.34, which BELFOR states is the amount owed for the services performed in accordance with the work authorization contract.[8] Under the terms of the contract, the property owner "shall pay BELFOR immediately upon receipt of invoice."[9] According to Mr. Burns, Riverside has failed to make any payment on the invoice.[10] BELFOR now moves for summary judgment in its favor in the amount of $383,922.34, plus interest and reasonable attorneys' fees, based on Riverside's breach of contract.[11]

## II.    LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12] The Court considers the evidence in the record without making credibility determinations or weighing the evidence.[13] All reasonable inferences are drawn in favor of the nonmoving party.[14] If the record could not lead a rational trier of fact to find for the nonmoving party, there is no genuine dispute of material fact.[15]

---

[5] R. Doc. 18-3.
[6] R. Doc. 18-3.
[7] R. Doc. 18-3.
[8] R. Doc. 18-3; R. Doc. 18-5.
[9] R. Doc. 18-4.
[10] R. Doc. 18-3.
[11] R. Doc. 18.
[12] FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).
[13] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[14] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[15] *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

In the Fifth Circuit, a district court may not grant a "default" summary judgment on the ground that it is unopposed.[16] Even in the context of unopposed motions for summary judgment, the movant must still show that there is no genuine issue of material fact, and that it is entitled to summary judgment as a matter of law.[17] When a motion for summary judgment is unopposed, a court may accept the movant's evidence as undisputed.[18] Nevertheless, if the moving party fails to meet its burden, the Court must deny its motion for summary judgment.[19]

### III. LAW AND ANALYSIS

A claim for breach of contract requires "(1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee."[20] "Put differently, the elements of a breach of contract are the existence of an agreement, a breach of that agreement, and damages resulting from that breach."[21]

Here, the undisputed facts establish that an agreement existed between BELFOR and Riverside under which BELFOR would perform services and Riverside would pay for those services. It is also undisputed that BELFOR performed emergency and mitigation services pursuant to the contract, that BELFOR submitted an invoice to Riverside for the work performed under the contract, that payment was due immediately upon receipt of the invoice, and that Riverside has failed to make any payment on the invoice. Accordingly, Riverside has breached the contract. Riverside is therefore liable for damages caused by its breach.[22]

---

[16] *Morgan v. Fed. Express Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015) (collecting cases).
[17] *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 363 n.3 (5th Cir. 1995).
[18] *Morgan*, 114 F. Supp. 3d at 437.
[19] *Hetzel*, 50 F.3d at 362 n.3.
[20] *Favrot v. Favrot*, 68 So. 3d 1099, 1109 (La. Ct. App. 4 Cir. 2011) (citing *1436 Jackson Joint Venture v. World Constr. Co., Inc.*, 499 So. 2d 426, 427 (La. Ct. App. 4 Cir. 1986)).
[21] *CCAPS, LLC v. HD and Associates, LLC*, No. 21-2195, 2023 WL 1965087, (E.D. La. Feb. 13, 2023).
[22] LA. CIV. CODE art. 1994 ("An obligor is liable for the damages caused by his failure to perform a conventional obligation.").

Under Louisiana law, damages for the breach of a contract "are measured by the loss sustained by the obligee and the profit of which he has been deprived."[23] Additionally, "when the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed by the parties, or, in the absence of an agreement, at the rate of legal interest as fixed by R.S. 9:3500."[24] And "[i]f the parties, by written contract, have expressly agreed that the obligor shall also be liable for the obligee's attorney's fees in a fixed or determinable amount, the oblige is entitled to that amount as well."[25]

The contract between BELFOR and Riverside included the following relevant provisions: (1) "In the event of termination, for any reason, [Riverside] shall pay BELFOR for all Work performed up to the effective date of the termination plus any incidental, direct, or actual costs incurred by BELFOR;"[26] (2) "Unless the parties agree to a different payment schedule, [Riverside] shall pay BELFOR immediately upon receipt of invoice;"[27] (3) "Invoices not paid when due will accrue interest from the due date until paid at the rate of 1.5% per month or the maximum amount allowed by law, whichever is greater;"[28] and (4) "If for any reason the amount due to BELFOR is not paid, BELFOR shall be entitled to recover the costs and its expenses of collection (including actual attorney's fees incurred) plus interest as set forth in Section 6."[29]

It is undisputed that the amount owed to BELFOR for the work performed up to the date of termination of the contract is $383,922.34. Riverside's failure to pay therefore resulted in a loss of $383,922.34 to BELFOR, and BELFOR is entitled to this amount in damages.[30] Under

---

[23] La. Civ. Code art. 1995.
[24] La. Civ. Code art. 2000.
[25] La. Civ. Code art. 2000.
[26] R. Doc. 18-4 at p. 2, § 14(j).
[27] R. Doc. 18-4 at p. 1, § 6(a).
[28] R. Doc. 18-4 at p. 1, § 6(d).
[29] R. Doc. 18-4 at p. 2, § 14(l).
[30] *See* La Civ Code art. 1995.

Louisiana law and the terms of the contract, BELFOR is also entitled to damages for the delay of payment, which is measured by the interest on the amount due, from the due date until paid, at a rate of 1.5% per month.[31] And because the parties expressly agreed in the contract that BELFOR shall be entitled to recover attorney's fees and costs incurred in the collection of the amount owed, BELFOR is also entitled to reasonable attorney's fees and costs as well.[32]

Accordingly, based on the undisputed evidence before the Court, BELFOR has shown that Riverside breached the contract between the parties and that Riverside is liable to BELFOR for damages in the amount of $383,922.34; plus interest on the amount due at a rate of 1.5% per month from the due date until paid, in accordance with the terms of the Louisiana Work Authorization Contract; and for BELFOR's reasonable attorney's fees and costs incurred in connection with this action.

### IV.  CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that BELFOR's Motion for Summary Judgment (R. Doc. 18) is **GRANTED**. Final judgment will be entered in favor of BELFOR, and against Riverside for damages in the amount of $383,922.34; plus interest on the amount due at a rate of 1.5% per month from the due date until paid, in accordance with the terms of the Louisiana Work Authorization Contract; and for BELFOR's reasonable attorney's fees and costs incurred in connection with this action.

**IT IS FURTHER ORDERED** that BELFOR shall make any motion for attorney's fees and costs within 14 days of the entry of final judgment. Should BELFOR file such a motion, it shall be determined by the United States Magistrate Judge assigned to this case.

---

[31] *See* LA. CIV. CODE art. 2000.
[32] *See id.*

New Orleans, Louisiana, this 6th day of November 2025.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**
